ANGIE S. LEE [SBN 254018]
SHAWN KAHROBA [SBN 270424]
**SHERIDAN & RUND, PC**
840 Apollo Street, Suite 351
El Segundo, CA 90245
Telephone: (310) 640-1200
Facsimile:  (310) 640-0200
angie@srlawyers.com
shawn@srlawyers.com

Counsel for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In Re:<br><br>JACK MARSH,<br><br>Debtor. | Case No.: 2:15-bk-10418-SK<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY AND APPROVING FORM OF SETTLEMENT AGREEMENT AND DECLARATION OF JASON M. RUND**<br><br>[No hearing required] |
|---|---|

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Jason M. Rund, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Jack Marsh (the "Debtor"), brings this motion (the "Motion) for an order approving compromise of controversy and approving the form of the settlement agreement (the "Settlement Agreement") entered into by and between the Trustee and Matthew Marsh. The Trustee and Marsh are hereinafter collectively referred to as the "Parties."

The Settlement Agreement provides that judgment (the "Judgment") shall be entered in the adversary proceeding Rund v. Matthew Marsh, 2:15-ap-01142 (the "Adversary Proceeding). The

1

Judgment is against Matthew Marsh and in favor of the Trustee in the amount of $125,000.

The Trustee believes that this compromise is fair and reasonable given the circumstances. The Judgment represents the full amount of damages that the Trustee sought against Matthew Marsh in the Adversary Proceeding. The settlement allows the Trustee to obtain the Judgment without the risk and expense of further litigation.

The terms and conditions of the compromise are set forth in the Settlement Agreement attached to the Declaration of Jason M. Rund (the "Rund Declaration") in support of the Motion as **Exhibit 1**.

This Motion is based upon Fed. R. Bankr. P. 9019(a), Local Bankruptcy Rules 9019-1 and 9013-1(o)(1), the Memorandum of Points and Authorities, the Rund Declaration, the Request for Judicial Notice, and the separate Notice of Motion concurrently filed herewith and served upon all interested parties pursuant to Fed. R. Bankr. P. 2002(a), all pleadings and records on file herein, all matters that are subject to judicial notice, and all other evidence that may be introduced at or prior to any hearing on this Motion.

Based on the foregoing, the Trustee respectfully requests this court enter an order:

1. Approving the Trustee's compromise of controversy between the Trustee and Matthew Marsh as being in the best interest of the estate and as an exercise of the Trustee's reasonable business judgment;

2. Approving the form of the Settlement Agreement memorializing the terms of the compromise that is the subject of this Motion;

3. Decreeing that the Proposed Judgment attached to the Rund Declaration as **Exhibit 2** will be entered upon its lodging;

4. Providing that if the Judgment is paid within 180 days from the date of entry, Matthew Marsh is entitled to a 25% discount as satisfaction in full of the Judgment;

5. Adequate notice of the Motion was provided to all interested parties; and

6. Authorizing the Trustee to execute any and all documents necessary to effectuate the compromise that is the subject of this Motion; and

///

///

2

7. Granting any other and further relief as may be just and proper.

DATED: January 13, 2016    SHERIDAN & RUND, PC

By:  */s/ Angie S. Lee*
   ANGIE S. LEE
   SHAWN KAHROBA
   Counsel for Jason M. Rund, Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Jason M. Rund, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jack Marsh (the "Debtor") has entered into a settlement agreement with Matthew Marsh that provides for entry of judgment in the amount of $125,000 against Matthew Marsh and in favor of the Trustee (the "Judgment"). The Judgment represents the full amount of damages sought by the Trustee in his adversary proceeding against Matthew Marsh.

## II.

## STATEMENT OF FACTS AND TERMS OF THE COMPROMISE

### A. The Bankruptcy Case

On January 12, 2015 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 petition. Jason M. Rund is the duly appointed Chapter 7 trustee of the Debtor's estate. *See,* Declaration of Jason M. Rund ("Rund Dec."), ¶1.

### B. The Adversary Proceeding

On March 17, 2015, the Trustee filed an adversary proceeding against Matthew Marsh, Rund v. Marsh, 2:15-ap-01142-SK (the "Adversary Proceeding") seeking avoidance and recovery of $125,000.00 on the basis that the transfer of the funds by the Debtor was a preferential transfer. *See,* Rund Dec., ¶2.

### F. The Settlement Agreement

At mediation, on November 30, 2015, the Trustee and Matthew Marsh entered into a term sheet (the "Term Sheet" or "Settlement Agreement") that provides that judgment shall be entered against Matthew Marsh and in favor of the Trustee in the amount of $125,000.00 (the "Judgment"). *See,* Rund Dec., ¶3, **Exhibit 1.**

Paragraph 1(a)-(b) of the Term Sheet allowed Matthew Marsh two weeks to provide sufficient evidence that the transfer was less than $125,000, which would have reduced the Judgment to an amount no less than $100,000.00. No evidence was ever provided. *See,* Rund Dec., ¶4.

Paragraph 1 also provides that "the fraudulent transfer claim" will be dismissed with prejudice.

4

However, there is no fraudulent transfer claim for relief in this Adversary Proceeding, so that provision should be disregarded. *See,* Rund Dec., ¶2.

Paragraph 3 of the Term Sheet allowed Matthew Marsh two weeks to provide certain financial documents in exchange for a 180-day stay of enforcement of the Judgment. However, no financial documents were ever provided. *See,* Rund Dec., ¶4.

Paragraph 5 of the Term Sheet provides that if the Judgment is paid within 180 days from the date of entry, Matthew Marsh is entitled to 25% discount as satisfaction in full of the judgment.

Paragraph 6 of the Term Sheet provides that: "[i]f the parties fail to draft a formal settlement agreement, this term sheet shall be enforceable and have the full force and effect of the entire agreement between the parties." While the Trustee circulated a draft settlement agreement, Matthew Marsh did not sign the agreement. Thus, the Term Sheet is the Settlement Agreement. *See,* Rund Dec., ¶5.

### III.

### THE SETTLEMENT AGREEMENT SHOULD BE APPROVED BECAUSE IT PROVIDES FOR A JUDGMENT FOR THE ENTIRE AMOUNT PRAYED FOR IN THE ADVERSARY PROCEEDING

The Settlement Agreement should be approved as it provides for judgment in the amount of $125,000.00 the full amount prayed for in the Adversary Proceeding. Further, the discount of 25% provided for in Paragraph 5 of the Settlement Agreement is fair and reasonable when taking into account the time and cost-savings gained if no collection efforts had to be expended.

### IV.

### CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

1. Approving the Trustee's compromise of controversy between the Trustee and Matthew Marsh as being in the best interest of the estate and as an exercise of the Trustee's reasonable business judgment;

2. Approving the form of the Settlement Agreement memorializing the terms of the compromise that is the subject of this Motion;

1    3.    Decreeing that the Proposed Judgment attached to the Rund Declaration as **Exhibit 2**
2    shall be entered upon its lodging;

3    4.    Providing that if the Judgment is paid within 180 days from the date of entry, Matthew
4    Marsh is entitled to a 25% discount as satisfaction in full of the Judgment;

5    5.    Adequate notice of the Motion was provided to all interested parties; and

6    6.    Authorizing the Trustee to execute any and all documents necessary to effectuate the
7    compromise that is the subject of this Motion; and

8    7.    Granting any other and further relief as may be just and proper.

DATED: January 13, 2016        SHERIDAN & RUND, PC


By:    */s/ Angie S. Lee*
ANGIE S. LEE
SHAWN KAHROBA
Counsel for Jason M. Rund, Chapter 7
Trustee

6

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1. I am the Chapter 7 trustee of the bankruptcy estate of Matthew Marsh (the "Debtor"). I know each of the following facts to be true of my own personal knowledge or information and belief, and, if called as a witness, I could and I would competently testify with respect thereto. I am submitting this declaration in support of my Motion for Order Approving Compromise of Controversy and Approving Form of Settlement Agreement (the "Motion"). Any terms not defined herein shall have the meaning ascribed to them in the Motion. I have reviewed the Motion and believe the representations made in the Motion are true and correct.

2. On March 17, 2015, I filed an adversary proceeding against Matthew Marsh, Rund v. Marsh, 2:15-ap-01142-SK (the "Adversary Proceeding") seeking avoidance and recovery of $125,000.00 on the basis that the transfer of the funds by the Debtor was a preferential transfer.

3. I attended mediation with Matthew Marsh and our respective counsel on November 30, 2015. We entered into a term sheet (the "Term Sheet" or "Settlement Agreement") that provides that judgment shall be entered against Matthew Marsh and in favor of the Trustee in the amount of $125,000.00 (the "Judgment"). A true and correct copy of the Term Sheet or Settlement Agreement is attached hereto as **Exhibit 1** and incorporated herein by this reference.

4. The Term Sheet provided Matthew Marsh two weeks to provide me with evidence that the transfer was less than $125,000.00 and/or certain of his financial records. However, no documents were ever provided.

5. My counsel drafted a settlement agreement that was provided to Matthew Marsh for his review, but not response was ever received.

6. Attached hereto as **Exhibit 2** is the proposed Judgment that I request to be entered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January 2016, at El Segundo, California.

JASON M. RUND

7

EXHIBIT 1

Mediation Term Sheet – November 30, 2015

Bankruptcy Case – *In re Jack Marsh*, Case Number: 2:15-10418 SK

Adversary Case: Jason M. Rund, Chapter 7 Trustee vs. Matthew Marsh, Case Number: 2:15-ap-01142 SK


Parties present at Mediation:

Jason Rund, Trustee

S. Shawn Kahroba

Matthew Marsh

Donny Ekine

Sharon Weiss, Mediator

Plaintiff Jason M. Rund, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Jack Marsh, and Defendant Matthew Marsh enter into the following term sheet for resolution of the above entitled adversary proceeding:

Terms:

1. Judgment shall be entered in the adversary proceeding in favor of the trustee and against Matthew Marsh in the amount $125,000 on the preference claim identified in the Complaint, only. Upon bankruptcy court approval of an agreement which incorporated the terms of this term sheet, the trustee shall dismiss the fraudulent transfer claim with prejudice.

    (a)    The amount of the judgment is subject to adjustment, according to proof, of no more than $125,000 and no less than $100,000.

    (b)    Defendant shall provide proof of the amount of the judgment amount no later than Monday, December 14, 2015. If Defendant fails to provide proof of a reduced amount by Monday, December 14, 2015, the judgment shall be in the amount of $125,000.

2. Each party to bear their own attorneys fees and costs.

3. The parties will enter into a stay of enforcement described below of the above judgment subject to the following terms and conditions:

   a. Matthew Marsh shall provide to the trustee's counsel the following documents no later than Monday, December 14, 2015:

   (i) all financial account statements (bank, brokerage or otherwise) in his name or under which he has control for all funds received from debtor, Jack Marsh, from February 14, 2014 through present and which also show how all funds were disbursed.

   (ii) last three filed Federal and state tax returns

   (iii) representations and warranties in a format acceptable to the trustee that Matthew Marsh has not sold, transferred, or given away any assets or things of value of $5,000 or more within the last four years outside of ordinary living expenses.

   (iv) Representations and warranties that Matthew Marsh has not acquired any assets or things of value of $5,000 or more within the last four years.

   (v) Representations and warranties that Matthew Marsh does not have any assets with an individual value of $5,000 or more as to each asset.

   (vi) A current financial statement in a form acceptable to the trustee signed under penalty of perjury.

4. Upon receipt of the items identified in items a(i) through (vi) above, and upon approval of the bankruptcy court, the enforcement of the judgment will be stayed for 180 days from entry with the exception that plaintiff may record an Abstract of Judgment in Los Angeles County and file a Notice of Judgment Lien with the State of California.

5. If the judgment is paid within 180 days from date of entry, defendant is entitled to a 25% discount as satisfaction in full of the judgment.

      6.    This term sheet is subject to a definitive settlement agreement. The parties shall cooperate each other in the drafting of the settlement agreement and providing documents set forth above. If the parties fail to draft a formal settlement agreement, this terms sheet shall be enforceable and have the full force and effect of the entire agreement between the parties.

Dated: 11-30-2015

_____
Jason Rund, Trustee

Dated: 11-30-15

_____
Matthew Marsh

Approved as to Form:

_____
S/ Shawn Kahroba
Counsel to Plaintiff

_____
Donny Ekine
Counsel to Defendant

EXHIBIT 2

ANGIE S. LEE [SBN 254018]
**SHERIDAN & RUND, PC**
840 Apollo Street, Suite 351
El Segundo, CA 90245
Telephone: (310) 640-1200
Facsimile:  (310) 640-0200
angie@srlawyers.com

Counsel for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | Case No.: 2:15-bk-10418-SK |
| JACK R. MARSH, | Chapter 7 |
|  | Adv. Case No. 2:15-ap-01142-SK |
| Debtor. |  |
|  | **JUDGMENT** |
| JASON M. RUND, Chapter 7 Trustee, |  |
| Plaintiff, |  |
| vs. |  |
|  | [No hearing required] |
| MATTHEW MARSH, |  |
| Defendant. |  |

The Court, having considered the Motion (the "Motion") for Approval of Compromise of Controversy and Approving Form of Settlement Agreement (the "Settlement Agreement") filed by Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Jack Marsh, granted the Motion and approved the Settlement Agreement which provides that Judgment be entered, and for other good cause:

///

///

1

1     **IT IS ORDERED, ADJUDGED AND DECREED** that:

2     1.    Judgment shall be entered in favor of Plaintiff Jason M. Rund, Chapter 7 Trustee ("Plaintiff"), and against Defendant Matthew Marsh ("Defendant");

4     2.    Plaintiff is awarded damages in the amount of $125,000.00; and

5     3.    Defendant is entitled to a 25% discount as satisfaction in full of the Judgment, if paid within 180 days from the date of entry of this Judgment.

###

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): Trustee's Motion for Order Approving Compromise of Controversy and Approving Form of Settlement Agreement and Declaration of Jason M. Rund will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 13, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Chapter 7 Trustee: Jason M. Rund, trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Counsel for Debtor/Defendant: Donny A. Ekine, inyelaw@dslextreme.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On January 13, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Jack R Marsh
2010 Caddington Drive
Rancho Palos Verdes, CA  90275

Defendant
Matthew Marsh
PO Box 6725
San Pedro, CA  90734

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2016 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**